UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BMR Funding,
                              Plaintiff,

          -against-

Airline Highway, LLC DBA Deluxe Inn, Robert
Garmo, Richard Cheroske,

                            Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER
09cv7552(GBD)

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 23 JUN 2010**

GEORGE B. DANIELS, United States District Judge:

    Defendants' motion pursuant to 28 U.S.C. §1404(a) to change venue from the Southern District of New York to either the Southern District of California or to the District Court for the Middle District of Louisiana is DENIED.

    The instant case involves a mortgage, a promissory note and a personal guaranty for the purchase and security of a piece of commercial real estate with a hotel in Baton Rouge, Louisiana. The note and the guaranty contain clauses whereby defendants consent to plaintiff's New York choice of forum. Although, clauses such as these are enforceable, (Carnival Cruise Lines, Inc. V. Shute, 499 U.S. 585, (1991) the burden rests on the party resisting enforcement to making a sufficiently strong showing that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972), Phillips v. Audio Archive Limited, 494 F.3d 378, 383-384 (2d Cir, 2007).

    Defendants additionally bear the burden of showing why the Southern District of New York is an inconvenient forum. The court will consider several factors in determine a motion to change venue, none of which is dispositive by itself. "Some of the factors a district court is to

consider are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." DH Blair & Co., Inc. v. Gottdiener 462 F.3d 95, 106-107 (2d. Cir., 2006). Further, a transferee venue must be a jurisdiction in which the action "might have been brought by the plaintiff." Hoffman v. Blaski, 363 U.S. 335, 343-344 (1960).

In this case, defendants expressly consented to the jurisdiction of New York federal courts as the forum to hear all claims arising out of the note and the guaranties. Further, defendants waived their right to object to the laying of venue in any New York forum on the grounds that venue is inconvenient. The relevant provisions of the note and guaranties provide that defendants:

> . . . consents to the exercise of jurisdiction over it by any federal court sitting in New York or any New York court selected by [BMR],for the purposes of any and all legal proceedings arising out of or relating to this guaranty, the note, the loan agreement and all other loan documents. Guarantor irrevocably waives, to the fullest extent permitted by law, any objection which it may now or hereafter have to the laying of venue of any such proceeding brought in such court, any claim based on the consolidation of proceedings in such courts n which proper venue may lie in divergent jurisdictions, and any claim that any such proceeding brought in any such court has been brought in an inconvenient forum.

Compl. Exs. C &D at §12 and Compl. Ex. A at §17. These forum selection and venue waiver provisions clearly illustrate the parties' agreement to litigate in this Court. Based on defendants' written consent to jurisdiction in New York, defendants' express waiver of objection to venue and BMR's choice of forum, the forum selection clause is presumed enforceable and will control.

2

Although defendants argue that the forum selection clauses are invalid because they were obtained through economic duress, defendants admit that defendants Garmo and Cheroske are "experienced real estate professionals." Garmo Aff. at §6. This belies any suggestion that these parties were improperly compelled to agree to the governing forum selection clauses and choice of law provisions in the note and guaranties. Defendants have not sufficiently demonstrated that enforcement of the forum selection clauses would be unreasonable or unjust, or that the clause is invalid due to economic duress.

Defendants contend that their ability to present an adequate defense will be compromised if they are required to litigate this case in New York because they are unable to compel testimony and evidence from non-parties outside of New York. Def. Motion at 5. However, defendants fail to offer any evidentiary support as to why: (1) the non-party witnesses are unwilling or unable to travel to New York; (b) deposition testimony from such witnesses would not suffice; and (c) the relevant contracts and other sources of evidence cannot be easily accessed in New York. Defendants assertions are insufficient to satisfy their burden of showing why New York federal courts are an inconvenient forum.

For the foregoing reasons, defendants' motion to transfer venue is denied.

Dated: New York, New York
        June 23, 2010

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge